IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANNA BROWN,<br>on behalf of herself and a class,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN C. BONEWICZ, P.C., and<br>CACH, LLC,<br><br>        Defendants. | Case No. 1:12-cv-1884 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Deanna Brown, brings this action to secure redress against unlawful collection practices engaged in by defendants John C. Bonewicz, P.C. and CACH, LLC.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. ("FDCPA") and state law.

### JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337, and 1367.

4. Venue is proper in this District because plaintiff received defendants' collection communications here.

### PARTIES

5. Plaintiff, Deanna Brown, is a resident of Shelbyville, Indiana.

6. Defendant John C. Bonewicz, P.C., is a law firm organized as an Illinois corporation with its principal offices at 350 North Orleans Street, Suite 300, Chicago, Illinois 60654. Its registered agent is John C. Bonewicz at 8001 Lincoln Avenue, Suite 402, Skokie, Illinois 60076. It does or transacts business in Indiana.

7. Defendant John C. Bonewicz, P.C., is engaged in the business of using the mails and telephone system to collect consumer debts originally owed to others.

8. Defendant John C. Bonewicz, P.C., is a debt collector as defined in the FDCPA.

9. The principal of John C. Bonewicz, P.C., attorney John Bonewicz, is not licensed to practice in Indiana, as shown by Exhibit A.

10. Defendant CACH, LLC, is a limited liability company with its principal place of business located at 4340 South Monaco, Second Floor, Denver, Colorado 80237. Its registered agent is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

11. Defendant CACH, LLC, is engaged in the business of acquiring charged-off consumer debts originally owed to others, including numerous such debts allegedly owed by Indiana residents.

12. Defendant CACH, LLC. uses the mails and telephone system in conducting its business.

13. Defendant CACH, LLC, is a debt collector as defined in the FDCPA.

14. On information and belief, CACH, LLC, claims to be an assignee of the debt that is the subject of Exhibit B.

15. On information and belief, defendant CACH, LLC, purportedly acquired by assignment the debts of the members of the class, defined below.

16. Defendant CACH, LLC has never held a license under the authority of the Indiana UCCC authorizing it to make consumer loans, take assignments of consumer loans, or undertake direct collection of payments from or enforcement of rights against debtors arising from consumer loans. (Exhibit C)

17. Defendant CACH, LLC has never been licensed as an Indiana collection agency. (Exhibit D)

## FACTS

18. This action concerns attempts by defendants to collect a credit card debt (consumer loan) incurred by plaintiff for personal, family or household purposes and not for business purposes. The debt was allegedly assigned to CACH, LLC.

19. The original creditor, Citibank South Dakota, N.A., was engaged in the business of extending credit to individuals on credit cards with credit limits of less than $50,000 that were not secured by a first mortgage. It did so more than 26 times per year in Indiana.

20. John C. Bonewicz, P.C., has been attempting to collect the alleged debt on behalf of CACH, LLC, which claims to have acquired the loan by assignment after it became delinquent.

21. On or about July 17, 2012, John C. Bonewicz, P.C., sent plaintiff the letter attached as Exhibit B, on behalf of CACH, LLC. The letter expressly represents that an alleged debt is "owed by you to CACH, LLC" and demands payment on behalf of CACH, LLC.

### APPLICABLE PROVISIONS OF INDIANA UNIFORM CONSUMER CREDIT CODE

22. The alleged debt of Deanna Brown is a consumer loan as defined by the UCCC, IC §24-4.5-1-301.5(9).

23. Section 24-4.5-1-301.5 states:

**24-4.5-1-301.5. Definitions applicable throughout article.**

In addition to definitions appearing in subsequent chapters in this article, the following definitions apply throughout this article: . . .

(9) "Consumer loan" means a loan made by a person regularly engaged in the business of making loans in which:

(a) the debtor is a person other than an organization;

(b) the debt is primarily for a personal, family, or household purpose;

(c) either the debt is payable in installments or a loan finance charge is made; and

(d) either:

    (i) the principal does not exceed fifty thousand dollars ($50,000); or

    (ii) the debt is secured by an interest in land or by personal property used or expected to be used as the principal dwelling of the debtor

**Except as described in IC 24-4.5-3-105, the term does not include a first lien mortgage transaction.**

24. IC §24-4.5-3-502 provides that unless a person is a depository institution, a subsidiary of a depository institution, a credit union service organization or a licensed collection agency, then that person must obtain a license under the UCCC in order to (a) make consumer loans, (b) take assignments of consumer loans, or (c) undertake direct collection of payment from or enforcement of rights against debtors arising from consumer loans.

25. Section 24-4.5-3-502, as amended effective July 1, 2010, states:

**24-4.5-3-502. Authority to make consumer loans, take assignments of consumer loans, or undertake direct collection of payments from debtors arising out of consumer loans.**

 **(1) A person that is a:**

  **(a) depository institution;**

  **(b) subsidiary that is owned and controlled by a depository institution; or**

  **(c) credit union service organization;**

 **may engage in the making of consumer loans that are not mortgage transactions without obtaining a license under this article.**

 **(2) A collection agency licensed under IC 25-11-1 may engage in:**

  **(a) taking assignments of consumer loans in Indiana; and**

  **(b) undertaking direct collection of payments from or enforcement of rights in Indiana against debtors arising from consumer loans;**

 **without obtaining a license under this article.**

 **(3) A person that does not qualify under subsection (1) or (2) shall acquire and retain a license under this article in order to regularly engage in Indiana in the following actions with respect to consumer loans that are not mortgage transactions:**

>  **(a) The making of consumer loans.**
>
>  **(b) Taking assignments of consumer loans.**
>
>  **(c) Undertaking direct collection of payments from or enforcement of rights against debtors arising from consumer loans.**
>
> **(4) A separate license under this article is required for each legal entity that engages in Indiana in any activity described in subsection (3). However, a separate license under this article is not required for each branch of a legal entity licensed under this article to perform an activity described in subsection (3).**

26.     Defendant CACH, LLC is not a depository institution, a subsidiary that is owned and controlled by a depository institution, or a credit union service organization.

27.     Neither CACH, LLC or John C. Bonewicz, P.C., has a license under the Indiana UCCC.  (Exhibit B)

28.     Neither CACH, LLC nor John C. Bonewicz, P.C. has a collection agency license.   (Exhibit D)

29.     CACH, LLC  violated the Indiana UCCC by allegedly taking an assignment of the alleged Deanna Brown credit card account. John C. Bonewicz, P.C. violated the UCCC by representing that CACH, LLC had the right to collect the alleged debt.

## CLASS ALLEGATIONS

30.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class and subclass.

31.     The class consists of (a) all persons with Indiana addresses (b) whose credit card or loan CACH, LLC claims to have had assigned to it (c) where any activity to collect such debts by or on behalf of CACH, LLC (including letters, calls and credit reporting) occurred (d) on or after a date one year prior to the filing of this action. The subclass includes class members with respect to whom John C. Bonewicz, P.C. took any collection action.

32.     The class and subclass are so numerous that joinder of all members is impractical.

33. Plaintiff alleges on information and belief that there are more than 40 members of the class.

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant CACH, LLC engaged in conduct prohibited by the Indiana UCCC by taking assignments of consumer loans allegedly owed by Indiana residents without being licensed under the UCCC or as a collection agency;

    b. Whether defendants violated the FDCPA by attempting to enforce the nonexistent rights of CACH, LLC and representing that CACH, LLC had rights which it did not have.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful collection practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

## COUNT I – FDCPA

38. Plaintiff Deanna Brown incorporates by reference paragraphs 1-37.

39. Defendants John C. Bonewicz, P.C., and CACH, LLC violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by sending plaintiff and the class members letters,

such as <u>Exhibit B</u>, representing that John C. Bonewicz, P.C. had the right to collect payment of the alleged debt on behalf of CACH, LLC, alleged assignee of the debt.

      40.    Defendant CACH, LLC, as the purported principal of John C. Bonewicz, P.C. is liable for the letters.

      41.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of–**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

## COUNT II – INDIANA DECEPTIVE CONSUMER SALES ACT

      42.    Plaintiff incorporates paragraphs 1-37.

      43.    Defendants' attempts to collect a debt from plaintiff are a "consumer transaction" within Burns Ind. Code Ann. § 24-5-0.5-2(a)(1)(C), which defines "consumer transaction" to include "Collecting or attempting to collect a debt owed or due, or asserted to be owed or due, to another person."

      44.    Each defendant is a "supplier" within Burns Ind. Code Ann. § 24-5-0.5-2(a)(3)(C), which defines "supplier" to include "A debt collector."

      45.    "Debt collector" is defined (§24-5-0.5-2(a)(15)) to have "the meaning set

forth in 15 U.S.C. 1692a(6)", except that "The term does not include a person admitted to the practice of law in Indiana if the person is acting within the course and scope of the person's practice as an attorney." John C. Bonewicz is not licensed in Indiana. No such person is listed on the Indiana bar roll.

  46. Defendants engaged in the following "deceptive acts" within Burns Ind. Code Ann. §24-5-0.5-10:

> **24-5-0.5-10. Deceptive or unconscionable act by supplier.**
>
>  **(a) A supplier commits a deceptive act if the supplier gives any of the following representations, orally or in writing, or does any of the following acts:**
>
> > **(1) Either:**
> >
> > > **(A) solicits to engage in a consumer transaction without a permit or other license required by law;**
> > >
> > > **(B) solicits to engage in a consumer transaction if a permit or other license is required by law to engage in the consumer transaction and the supplier is not qualified to obtain the required permit or other license or does not intend to obtain the permit or other license; or**
> > >
> > > **(C) engages in a consumer transaction without a permit or other license required by law. . . .**

  47. Defendants' actions were "incurable" within the meaning of Burns Ind. Code Ann. § 24-5-0.5-2(a)(8), which defines "Incurable deceptive act" as "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead. . . . "

  47. CACH and an affiliate have been the subject of lawsuits alleging violation of the Illinois licensing requirement since 2009. Licensing requirements are the subject of numerous articles, publications and discussions in the debt collection industry. CACH either knew of the Indiana licensing requirement or recklessly disregarded it.

  48. Plaintiff is entitled to sue under Burns Ind. Code Ann. §24-5-0.5-4, which provides:

**24-5-0.5-4.  Action by parties.**

(a) A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of:

> (1) three (3) times the actual damages of the consumer suffering the loss; or

> (2) one thousand dollars ($1,000).

Except as provided in subsection (j), the court may award reasonable attorney fees to the party that prevails in an action under this subsection. This subsection does not apply to a consumer transaction in real property, including a claim or action involving a construction defect (as defined in IC 32-27-3-1(5)) brought against a construction professional (as defined in IC 32-27-3-1(4)), except for purchases of time shares and camping club memberships. This subsection does not apply with respect to a deceptive act described in section 3(a)(20) [IC 24-5-0.5-3(a)(20)] of this chapter. This subsection also does not apply to a violation of IC 24-4.7, IC 24-5-12, or IC 24-5-14. Actual damages awarded to a person under this section have priority over any civil penalty imposed under this chapter.

(b) Any person who is entitled to bring an action under subsection (a) on the person's own behalf against a supplier for damages for a deceptive act may bring a class action against such supplier on behalf of any class of persons of which that person is a member and which has been damaged by such deceptive act, subject to and under the Indiana Rules of Trial Procedure governing class actions, except as herein expressly provided. Except as provided in subsection (j), the court may award reasonable attorney fees to the party that prevails in a class action under this subsection, provided that such fee shall be determined by the amount of time reasonably expended by the attorney and not by the amount of the judgment, although the contingency of the fee may be considered. Except in the case of an extension of time granted by the attorney general under IC 24-10-2-2(b) in an action subject to IC 24-10, any money or other property recovered in a class action under this subsection which cannot, with due diligence, be restored to consumers within one (1) year after the judgment becomes final shall be returned to the party depositing the same. . . . This subsection does not apply with respect to a deceptive act described in section 3(a)(20) of this chapter. . . .

(d) In an action under subsection (a), (b), or (c), the court may void or limit the application of contracts or clauses resulting from deceptive acts and order restitution to be paid to aggrieved consumers.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

9

      (1)    Statutory damages;

      (2)    Actual damages;

      (3)    Restitution;

      (4)    Attorney's fees, litigation expenses and costs of suit;

      (5)    Such other and further relief as the Court deems proper.


                              s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

    Please be advised that all rights relating to attorney's fees have been assigned to counsel.


                     s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27402\Pleading\Complaint_Pleading.wpd